UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TONY DIMARES MOORE,

    Petitioner,

v.                                       Case No. 2:08-cv-190
                                         HON. ROBERT HOLMES BELL

MICHAEL CURLEY,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Tony Dimares Moore filed this petition for writ of habeas corpus challenging his conviction for two counts of assault with intent to do great bodily harm less than murder and one count of carrying a concealed weapon. Petitioner was acquitted of first degree sexual assault. Petitioner was sentenced to a prison term of 67 months to ten years imprisonment. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

Petitioner raises the following claims:

I. The trial court deprived petitioner of his constitutional right to present a defense by refusing to give a self defense instruction.

II. Where separate and distinct acts could support a guilty verdict on the assault with intent to do great bodily harm charge, the trial court violated petitioner's right to a unanimous verdict in failing to give a special jury instruction on unanimity.

>   III.  Petitioner must be re-sentenced where his sentence was increased beyond the statutory maximum based on facts not proven to a jury beyond a reasonable doubt nor admitted by petitioner in violation of the Fifth, Sixth, and Fourteenth Amendments.
>
>   IV.  Petitioner received ineffective assistance of counsel.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective.  Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute.  Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court.  28 U.S.C. § 2254(d).  This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law.  *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998).  To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision.  *Williams v. Taylor*, 529 U.S. 362, 412 (2000).  Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case

differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999). The Michigan Court of Appeals affirmed petitioner's conviction on October 23, 2007. The court awarded petitioner credit

for 231 days served in jail. The Michigan Supreme Court denied petitioner's application for leave to appeal on March 24, 2008.

Petitioner alleges that he was denied the right to present a defense, because the trial court refused to give a self-defense instruction to the jury. The Michigan Court of Appeals rejected this argument explaining:

> Defendant first argues that the trial court erred in declining to instruct the jury on self-defense. "Questions of law, including questions concerning the applicability of jury instructions, are reviewed de novo." *People v Perez*, 469 Mich 415, 418; 670 NW2d 655 (2003); see also *People v Riddle*, 467 Mich 116, 124; 649 NW2d 30 (2002) (the circumstances to which self-defense may be applied is a question of law subject to review de novo).
>
> "A criminal defendant is entitled to have a properly instructed jury consider the evidence against him." *Riddle, supra*. "When a defendant requests a jury instruction on a theory or defense that is supported by the evidence, the trial court must give the instruction." *Id*. Generally, a person acts in self-defense if that person is free from fault and, under all the circumstances, honestly and reasonably believed that he was in imminent danger of death or great bodily harm and that it was necessary for him to exercise deadly force. *Id*. at 119. "The necessity element of self-defense normally requires that the actor try to avoid the use of deadly force if he can safely and reasonably do so, such as by applying nondeadly force or by using an obvious and safe avenue of retreat." *Id*. A defendant may not claim self-defense where he used excessive force or was the initial aggressor. *People v Kemp*, 202 Mich App 318, 322; 508 NW2d 184 (1993).
>
> The evidence in this case did not support defendant's requested instruction on self-defense. Initially, we note that defendant was not free from fault in the altercation between himself and victim Torrey Day. *Riddle, supra* at 119. To the contrary, the evidence showed that defendant entered the home of his former girlfriend, Adell Banks, and specifically sought out Day in the bedroom of the home while armed with a knife. The evidence presented also did not support a conclusion that defendant had an honest and reasonable belief that he was in imminent danger of death or great bodily harm and that it was necessary for him to exercise deadly force. *Id*. Rather, the evidence showed that if defendant feared for his safety, he could have refrained

> from going into the bedroom or left the house all together, instead of confronting Day.  Finally, even accepting defendant's assertion that he felt threatened by Day and only then pulled out his knife, self-defense instructions were not warranted because defendant used excessive force to repel the physical altercation with Day.  *Kemp, supra* at 322.  Indeed, the evidence showed that defendant stabbed Day multiple times, puncturing Day's lung.  Even though Day was younger and physically larger than defendant, this far exceeded the force necessary to defend himself against Day, who was unarmed.  For all these reasons, the trial court properly declined to give defendant's requested self-defense instructions.

The right to assert self defense at trial is fundamental.  *Taylor v. Withrow*, 288 F.3d 846 (6th Cir. 2002).

> We hold that the right of a defendant in a criminal trial to assert self-defense is one of those fundamental rights, and that failure to instruct a jury on self-defense when the instruction has been requested and there is sufficient evidence to support such a charge violates a criminal defendant's rights under the due process clause. It is indisputably federal law as announced by the Supreme Court that a defendant in a criminal trial has the right to "a meaningful opportunity to present a complete defense." *California v. Trombetta,* 467 U.S. 479, 485, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984); *see also Chambers v. Mississippi,* 410 U.S. 284, 294, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973); *Harrington v. Jackson,* 1 Fed.Appx. 367, 2001 WL 45417, at *1 (6th Cir. January 10, 2001). A necessary corollary of this holding is the rule that a defendant in a criminal trial has the right, under appropriate circumstances, to have the jury instructed on his or her defense, for the right to present a defense would be meaningless were a trial court completely free to ignore that defense when giving instructions.

*Id.* at 851-852.

However, a self- defense jury instruction demand requires some evidence to support the instruction.  In *Taylor* the court found:

> We find that the state trial court's ruling that there was no evidence of justified self-defense, and its consequent refusal to instruct the jury on self-defense and imperfect self-defense, did not involve either an unreasonable determination of the facts or an unreasonable application of clearly established federal law.

- 5 -

*Id*. at 854. Petitioner was free to determine his defensive strategy. The evidence as presented by the Michigan Court of Appeals, and ruled by the trial court, did not support a self-defense instruction. Where there is no evidence to support a self defense claim, a petitioner cannot assert that his right to present a defense was denied when the trial court refuses to give a jury a self defense instruction. *Id*. at 853. The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner claims that he was entitled to a unanimity instruction on the charge of assault with intent to do great bodily harm. The Michigan Court appeals rejected this claim:

> Defendant also argues that the trial court erred in failing to give the jury a specific unanimity instruction with respect to the charge of assault with intent to do great bodily harm to Banks. However, by expressly approving the jury instructions as given, defendant waived the issue on appeal. See, e.g., *People v Carter*, 462 Mich. 206, 215, 612 NW2d 144 (2000). Regardless, we find no merit to defendant's assertion that he was entitled to the special instruction. Indeed, a specific unanimity instruction is required only where "more than one act is presented as evidence of the actus reus of a single criminal offense." *People v Cooks*, 446 Mich 503, 412; 521 NW2d 275 (1994). Here, while the prosecution presented evidence showing that defendant physically assaulted Banks both at her home and in his truck, it is clear from the record that the prosecution did not present defendant's actions at Banks' home as evidence of the actus reus element of the assault charge. To the contrary, the record makes clear that the significantly more brutal assault perpetrated against Banks after leaving the home with defendant in his truck formed the basis for the assault charge levied and argued by the prosecution. Accordingly, a specific unanimity instruction was not required.

In the opinion of the undersigned, the Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based

upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner asserts that his sentence was based upon factors not considered by the jury, proven at trial, or admitted by petitioner. The Michigan Court of Appeals denied this claim. It appears that petitioner relies on *Blakely v. Washington*, 542 U.S. 296 (2004), arguing that any increase in a sentence imposed based on facts not submitted to a jury is unconstitutional. However, the issue presented in *Blakely* was the constitutionality of a statute which set out a guideline range of sentences, but permitted a court to impose a sentence in excess of those guidelines based on facts not submitted to a jury. In Michigan, a court does not have the authority to exceed the statutorily authorized sentence, and the sentences imposed here by the trial court do not exceed the statutorily authorized ranges. Therefore, *Blakely* is not applicable. Moreover, the Michigan Court of Appeals decision was reasonable.

Petitioner asserts that he received ineffective assistance of counsel. The Michigan Court of Appeals rejected these claims concluding:

### A. Witnesses

> Defendant first alleges that had they been sought out by counsel, at least two witnesses would have testified regarding Day's reputation for violence in the community and for carrying a weapon. Defendant also alleges that other witnesses would have testified that they heard, from an unidentified individual, of a plot between Banks and Day to harm defendant.
>
> The failure to reasonably investigate a case can constitute ineffective assistance of counsel. *People v McGhee*, 268 Mich App 600, 626; 709 NW2d 595 (2005). However, decisions regarding what evidence to present and whether to call or question witnesses are presumed to be matters of trial strategy, which this Court will not second-guess on appeal. *People v Dixon*, 263 Mich App 393, 398; 688 NW2d 308 (2004). Further, the failure to call witnesses only constitutes ineffective assistance of counsel if it deprives the defendant of a

substantial defense. *Id.* However, defendant fails to provide any proof, by affidavit or other means, showing how the testimony of those witnesses would have contributed to his defense, or that the witnesses would have been willing to testify on his behalf. Further, any testimony would have been hearsay, MRE 801, and defendant has failed to identify any exception allowing its introduction, MRE 802. Accordingly, defendant has failed to establish that he was denied a substantial defense because those witnesses were not called to testify.

### B. DNA and Bite Mark Evidence

Defendant next argues that after testing failed to reveal Day's DNA on the knife recovered from defendant's truck, defense counsel should have conducted further investigation to find a second knife, which defendant asserts would have yielded Day's DNA. In support of this claim, defendant posits that Day had his own knife during the altercation in the bedroom, that the knives were mixed up during the struggle, that Day was ultimately stabbed by defendant with his own knife, that the knives were switched again, and that Day fled the scene with his own knife. We do not find that defense counsel was constitutionally ineffective for having failed to investigate this theory. The prosecution's DNA expert testified that it was possible that if the knife had been used to stab other people, their DNA would not be on the knife. The expert also testified that if the knife used to stab Day had been wiped off and then bled on by someone else – in this case, defendant – the expert would likely not be able to detect Day's DNA because the remaining amount would fall below the threshold level of testing. In light of this testimony, and considering the unsupported and highly implausible nature of the theory now posited by defendant, we find that defendant has failed to overcome the presumption that the theory of self-defense presented by defense counsel constituted sound trial strategy. Indeed, there is nothing in the record to suggest "that counsel was 'deficient' in making this choice or that the selection significantly affected the outcome of the trial." *People v LaVearn*, 448 Mich 207, 216; 528 NW2d 721 (1995).

Defendant also asserts that counsel was ineffective for having failed "to check" the bite wound suffered by him on the night of this incident "to assure that it was done while Banks was on his back." We note, however, that defendant's claim that he received the wound from Banks during the altercation with Day was before the jury. Further, defendant has failed to articulate what further investigation regarding bite marks would have revealed or otherwise contributed to the defense of these charges. Consequently, he has failed to establish this claim. *Sabin, supra*.

- 8 -

C. Prior Convictions

Defendant next argues that defense counsel was ineffective for failing to object to the use of two prior misdemeanor convictions for domestic violence, which formed the basis for defendant's score of 5 points for prior record variable (PRV) 5, MCL 777.55(1)(d). Defendant's argument that the convictions were "too distant and too prejudicial" are irrelevant considerations for sentencing purposes. Indeed, nothing in the plain language of MCL 777.55 restricts the use of a prior misdemeanor conviction on the basis of time or prejudice. Moreover, while MCL 777.50 requires that a defendant's prior convictions be disregarded for purposes of scoring PRV 5 if they precede a ten-year period in which the defendant had no convictions, the record reflects that no prior conviction preceding such a ten-year period was considered by the trial court in scoring PRV 5. It follows that trial counsel was not ineffective in failing to object to the scoring of PRV 5 on this basis. *People v Hawkins*, 245 Mich App 439, 457; 628 NW2d 105 (2001) ("[a] trial attorney need not register a meritless objection to act effectively").

Further, while defendant asserts that one of his two convictions was had without the benefit of representation by counsel, we note that there is no constitutional right to counsel in a misdemeanor prosecution where no incarceration is ultimately imposed. See *People v Richert (After Remand)*, 216 Mich App 186, 194; 548 NW2d 924 (1996). Here, the presentence investigation report indicates that the sentence imposed for the conviction in question was "unknown," and defendant has failed to proffer any other evidence to show that the prior conviction was obtained in violation of his constitutional right to counsel. Defendant has thus not shown that it was improper for the trial court to consider this conviction in scoring PRV 5. Cf. *People v Hannan (After Remand)*, 200 Mich App 123, 128; 504 NW2d 189 (1993) (a sentencing court may not consider a defendant's prior convictions obtained in violation of a person's constitutional right to counsel to enhance the defendant's sentence).

In order to prevail on a claim of ineffective assistance of counsel, petitioner must show that counsel's errors were so serious that he was not functioning as counsel guaranteed by the Sixth Amendment, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Wong v. Money*, 142 F.3d 313, 319 (6th Cir. 1998); *Bruner v. Perini*, 875 F.2d 531, 535 (6th Cir.), *cert. denied*, 493 U.S. 938, 110 S.

Ct. 334 (1989) (citing *Strickland v. Washington*, 466 U.S. 668, 688-96, 104 S. Ct. 2052, 2065, 69, 80 L. Ed. 2d 647 (1984)).

There has been ineffective assistance of counsel where an attorney's performance is so deficient as to prejudice the defense and render the trial unfair and the result unreliable. *Wong*, 142 F.3d at 319; *Austin v. Bell*, 126 F.3d 843, 847 (6th Cir. 1997), *cert. denied*, 118 S. Ct. 1547 (1998). Even if a court determines that counsel's performance was outside the wide range of professionally competent assistance, the petitioner is not entitled to relief if his counsel's error had no effect on the judgment. *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999). Rather, a petitioner must show that the probability that the outcome of the case would have been different but for counsel's unprofessional errors is sufficient to undermine confidence in the result. *Wong*, 142 F.3d at 319; *Austin*, 126 F.2d at 848. "The performance and prejudice components of the *Strickland* test are mixed questions of law and fact." *Austin*, 126 F.2d at 848.

The court's review of defense counsel's performance is highly deferential, and defense counsel is presumed to have rendered adequate assistance by exercising reasonable professional judgment and sound trial strategy. *Wong*, 142 F.3d at 319; *Austin*, 126 F.3d at 848. The petitioner must overcome the presumption that, under the circumstances, the challenged actions might be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999). The Michigan Court of Appeals rejected each of petitioner's ineffective assistance of counsel claims based on sound reasoning. The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

In summary, the undersigned concludes that petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of petitioner's claims was debatable or wrong. Therefore, the undersigned recommends that the court deny petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal.

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).


    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   June 3, 2011