UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TONY DIMARES MOORE,

      Petitioner,

                                  Case No.  2:08-CV-190

v.

                                  HON. ROBERT HOLMES BELL

MICHAEL CURLEY,

      Respondent.
                                  /

**ORDER APPROVING AND ADOPTING
REPORT AND RECOMMENDATION AND
<u>DENYING PETITION FOR WRIT OF HABEAS CORPUS</u>**

On June 3, 2011, Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") recommending that Petitioner Tony Dimares Moore's § 2254 petition for writ of habeas corpus be denied . (Dkt. No. 45.)  This matter is before the Court on Petitioner's objections to the R&R.  (Dkt. No. 46.)

This Court is required to make a *de novo* review upon the record of those portions of the R&R to which specific objections have been made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Although the Magistrate Judge's R&R is reviewed *de novo*, this Court must review the state court proceedings consistent with the standards set forth in 28 U.S.C. § 2254.

Petitioner objects to the Magistrate Judge's conclusion that the state court's failure to give a self-defense instruction did not deprive Petitioner of his constitutional right to

present a defense. The Michigan Court of appeals determined that the evidence did not support Petitioner's requested instruction on self-defense. On review, the Court agrees with the Magistrate Judge that the state court's factual determinations that: (1) Petitioner sought out his victim in the bedroom of his girlfriend's house, and (2) even if Petitioner feared for his safety, the force used far exceeded the force necessary to defend himself, were not unreasonable in light of the evidence produced at trial. In view of these findings, the trial court's decision not to give a self-defense instruction was not contrary to, and did not involve an unreasonable application of, clearly established federal law.

Petitioner also objects to the Magistrate Judge's rejection of Petitioner's ineffective assistance of counsel argument. Petitioner contends that trial counsel failed to call witnesses, failed to investigate, and failed to call his own DNA expert. Petitioner cites *Bryant v. Scott*, 28 F.3d 1411 (5th Cir. 1994), in support of his contention that these failures cannot be attributed to counsel's strategic or tactical decisions. Petitioner's reliance on *Bryant* is misplaced because the witnesses Petitioner references were neither eyewitnesses nor alibi witnesses. Upon *de novo* review, the Court agrees with the Magistrate Judge's determination that the Court of Appeals' rejection of petitioner's ineffective assistance of counsel claim was based on a fair assessment of the evidence and sound legal reasoning that did not contravene federal law. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections to the Report and Recommendation of the Magistrate Judge (Dkt. No. 46) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the June 3, 2011, R&R (Dkt. No. 45) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus (Dkt. No. 1) is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated: August 29, 2011                             /s/ Robert Holmes Bell
                                                   ROBERT HOLMES BELL
                                                   UNITED STATES DISTRICT JUDGE